Judge Edwin A. Lombard
This appeal is from the district court judgment granting summary judgment in favor of the defendant, Algiers Charter School Association, Inc (ACSA). After de novo review we affirm the judgment of the district court.
Relevant Facts and Procedural History
The plaintiff, Kathleen Padian is the Independent Administratix of the Estate of Adrian L. Morgan. Mr. Morgan was employed by ACSA from August 1, 2012, until he was discharged on January 22, 2016. He died shortly thereafter on March 31, 2016. It is undisputed that Morgan worked under two successive yearly contracts (2012-2013 and 2013-2014) from July 30, 2012, until June 30, 2014. The parties were unable to agree to a new contract for the year 2014-2015 and, in September 2014, mutually agreed to extend the 2013-2014 contract for a year. Mr. Morgan continued to work into the 2015-2016 school term without a contract and, thus, there was no contract in place when he was terminated in January 2016.
On January 18, 2017, the plaintiff filed a petition for breach of contract and damages against ACSA, alleging that in terminating Mr. Morgan without cause and failing to adhere to the termination protocols in his expired contract, ACSA breached Mr. Morgan's employment agreement.
ACSA answered the lawsuit on February 7, 2017. After a period of discovery, ACSA filed the instant motion for summary judgment on June 4, 2018. The plaintiff's opposition was filed on August 9, 2018. ACSA filed a reply memorandum on October 19, 2018. The district court granted summary judgment on November 7, 2018.
The plaintiff timely filed this devolutive appeal.
Applicable Law
Summary Judgment
A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant.
*1268 Beer Indus. League of Louisiana v. City of New Orleans , 2018-0280 (La. 6/27/18), 251 So. 3d 380, 385-86. It is designed to secure the just, speedy, and inexpensive determination of civil actions (with the exception of certain domestic matters) and is favored under Louisiana law. La. Code Civ. P. art. 966(A)(2). Summary judgments are reviewed de novo on appeal, using the same criteria governing the initial district court determination as to whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Wright v. Louisiana Power & Light , 2006-1181 (La. 3/9/07), 951 So.2d 1058, 1070. Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. Code Civ. Proc. art. 966(B).
On motion for summary judgment, the burden of proof remains with the movant. When the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the burden is on the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment is appropriate as a matter of law. La. Code Civ. Proc. art. 966(D)(2).
Elements of Breach of Contract Claim
The essential elements of a breach of contract claim are (1) the existence of a contract; (2) the party's breach thereof; and (3) resulting damages. 110 South Jefferson Davis Parkway, LLC v. Williams, 2014-1326, p. 5 (La. App. 4 Cir. 5/20/15), 165 So.3d 1211 (citation omitted).
Employment at Will
There is a presumption that employment is at-will and, accordingly, the party seeking damages under an alleged contract of employment for a limited term bears the burden of proving he had a meeting of minds with [the other party] on the terms of employment. Read v. Willwoods Cmty, 2014-1475, p. 5 (La. 3/17/15), 165 So.3d 883, 887 (citation omitted). "When a contract does not provide for a limited term, an employer can dismiss an employee at any time and for any reason without incurring liability." Id. at 4.
The Motion for Summary Judgment
In its motion for summary judgment, ACSA acknowledges that Mr. Morgan was employed under three succeeding yearly contracts but points out that the last one expired on June 30, 2015, making Mr. Morgan an at-will employee at the time of his termination in January 2016. Concomitantly, ACSA asserts that the plaintiff will not be able to prove that Mr. Morgan was employed under a contract specifying that he could only be terminated for cause or be able to prove the existence of any contract requiring ACSA to follow any protocol in terminating Mr. Morgan's employment contract.
In support of its motion, ACSA submits the following exhibits:
(1) An affidavit by Joseph Hugg, a former member of ACSA Board of Trustees, stating that upon expiration of Mr. Morgan's employment contract in June 2015,[1] Mr. Morgan *1269 and ACSA began negotiating a new contract but were unable to come to terms, primarily because they were unable to reach an agreement as to the specific performance objectives to be achieved by Mr. Morgan under the contract. As such there was no written agreement between Mr. Morgan and ACSA after June 30, 2015, or at the time of his termination.
(2) An affidavit by Tansy Magendie, Executive Director of Human Resources, stating that she is familiar with Mr. Morgan's personnel records and that on July 9, 2014, she emailed Mr. Morgan to confirm whether he had entered into a contract with ACSA for the 2014-2015 year. He responded that there was no new contract yet. Subsequently, Mr. Morgan reached an agreement to extend the 2013-2014 contract for an additional year as reflected in an email exchange on September 26, 2014. Ms. Magendie states in her affidavit that although the email of September 26, 2014, indicates that Mr. Morgan and ACSA contemplated a further contract beyond June 2015, the parties never signed another contract and that she was unaware of any documentation establishing that ACSA agreed to employ Mr. Morgan for any specified term after June 30, 2015, or specified the terms of Mr. Morgan's employment after that date. Attached to Ms. Magendie's affidavit are both emails, Mr. Morgan's Supervisor Exit Form, the Benefits Section of the ACSA Employee Handbook, and Mr. Morgan's final pay statement dated January 29, 2016.
(3) In excerpts from his deposition testimony, John B. Edwards, a member of the ACSA Board of Trustees involved in Mr. Morgan's termination, states that Mr. Morgan was terminated by the Board for reasons of poor academic performance, bad organizational management, bad personnel management, and the lack of transparency and communication with the Board.
(4) In excerpts of his deposition testimony, Colin Brooks, another ACSA Board member, states that the decision to terminate Mr. Morgan, who was not under contract, was made by the Board with advice from counsel. Mr. Brooks also related that although Mr. Morgan authored the entire statement released to the press on January 13, 2016, regarding his departure, Mr. Morgan subsequently changed his mind about resigning so that he was terminated at an ACSC Board meeting that took place January 22, 2016.
The Plaintiff's Response to the Motion for Summary Judgment
In opposition to the motion for summary judgment, the plaintiff argues that a contract existed between Mr. Morgan and ACSA at the time of his termination, that he was not an at-will employee, that ACSA did not follow the termination procedure required within the existing contract, and that the ACSA breached the employment agreement with Mr. Morgan, entitling the plaintiff to unpaid compensation benefits and damages. In support, the plaintiff attaches the following exhibits:
(1) The full deposition testimony of Colin Brooks
(2) The 2012-2013 school year contract between ACSA and Mr. Morgan.
(3) The 2013-2014 school year contract between ACSA and Mr. Morgan.
*1270 (4) A draft of a press release dated February 28, 2013, regarding the one year extension of the 2013 contract "with the option of negotiating additional extensions."
(5)An email dated September 26, 2014, from Mr. Morgan stating that the agreed upon contract extension would be for one year with a new contract to be negotiated for the 2015-2016 year beginning July 1, 2015
(6) CEO evaluation quantitative metrics sheets comparing school performances for 2012-2013 and 2013-2014.
(7) An email dated May 18, 2015, between Board members D'Juan Hernandez and Colin Brooks discussing the 2015 CEO evaluation report.
(8) An email dated May 20, 2015, from Colin Brooks to other Board members discussing the agenda for that evening's CEO Evaluation Committee meeting with attached documents.
(9) A follow-up email from Colin Brooks to other Board members dated May 21, 2015 regarding an agreed upon revision to the CEO evaluation (attached to the email) with a note that it would be presented to Morgan at the May 28, 2015, board meeting.
(10) An email from Colin Brooks to Joe Hugg dated May 21, 2015, with references to the 2012-2013 and 2013-2014 employment agreements, the commitment letter Mr. Morgan sent to Brooks on March 27, 2013, and the related press release.
(11) An email from Joseph Hugg to Colin Brooks dated January 3, 2016 discussing the proposed termination of Mr. Morgan.
(12) The agenda and Board meeting notes regarding Mr. Morgan's employment with ACSA.
(13) Mr. Morgan's Supervisor Exit Form dated January 22, 2016, indicating that Mr. Morgan was departing as a result of an involuntary termination of at-will employment.
(14) Mr. Morgan's final pay statement for pay date January 29, 2016.
(15) ACSA's Answers to the plaintiff's Interrogatories.
Discussion
In this case, ACSA will not bear the burden of proof at trial and, thus, needed only to point out an absence of factual support for one or more elements essential to plaintiff's claim in its motion for summary judgment. ACSA demonstrate that there is no factual support for the plaintiff's claim that a contract existed between Mr. Morgan and ACSA, an essential element of the plaintiff's breach of contract claim. Notable in the plaintiff's opposition to summary judgment is the absence of anything to support the plaintiff's claim that a contract existed between Mr. Morgan and ACSA for the 2015-2016 school year and that he was not an at-will employee at the time of his termination.
The plaintiff's claim that Mr. Morgan's expired contract "reconducted" under the Teacher Tenure Act[2] is without merit because it is generally conceded that the Teacher Tenure Act is applicable only to public schools and, thus, inapplicable to ACSA. Even accepting arguendo that the Teacher Tenure Act is applicable to ACSA, the plaintiff failed to introduce evidence *1271 that Mr. Morgan was a teacher within the meaning of the Act or that he had previously acquired the tenure protections provided by the Act, i.e. , there was no evidence submitted by the plaintiff indicating that Mr. Morgan, as CEO of ACSA, was an employee of a public school or program administered by a special school district, that he helds a teacher's certificate, and that his employment as CEO of ACSA required a teacher's certificate.
Accordingly, the plaintiff did not meet its burden to show that she would be able to prove all of the essential elements of the breach of contract claim at trial. Therefore, ACSA is entitled to summary judgment as matter of law.
Conclusion
After de novo review, we affirm the district court judgment granting summary judgment in favor of the defendant, ACSA.
AFFIRMED.

In September 2014, unable to reach mutually agreeable terms for a new contract, the parties agreed to a one year extension of Mr. Morgan's 2013-2014 contract. As Mr. Hugg observes, this contract extension expired in June 2015.

La. Rev. Stat. 17:441 et seq.